## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEMARIE CURZIO ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| vs. ) | |
| ) | |
| GE MONEY BANK, ) | |
| d/b/a GEMB/GATEWAY, ) | |
| d/b/a GEMB/JCPENNEYS, ) | |
| d/b/a GEMB/SAMS CLUB ) | |
| and ) | |
| ZWICKER & ASSOCIATES, P.C. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

1.      This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA"), the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended,* and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL").

## II.  JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. **PARTIES**

4.      Plaintiff Rosemarie Curzio is an adult individual residing at 52 Arbutus Lane, East Stroudsburg, PA 18302.

5.      Defendant GE Money Bank, d/b/a GEMB/Gateway, d/b/a GEMB/JCPenneys, d/b/a GEMB/Sams Club ("GEMB") is a business entity that regularly conducts business in this Commonwealth and which has a principal place of business located at 3135 Easton Turnpike, Fairfield, CT 06828..

6.      Defendant Zwicker & Associates, P.C. ("Zwicker") is a law firm regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 80 Minuteman Road, Andover, MA 01810. The principal purpose of Defendant Zwicker is the collection of debts using the mails and telephone, and Defendant Zwicker regularly attempts to collect debts alleged to be due another.

### IV. **FACTUAL ALLEGATIONS**

7.      At all times pertinent hereto, Defendant Zwicker was allegedly hired by Defendant GEMB to collect debts relating to consumer credit card purchases that were allegedly owed by Plaintiff to Defendant GEMB (hereafter referred to as the "debt" or collectively as the "debts").

8.      The debts at issue arise out of alleged transactions which were primarily for personal, family or household purposes.

9.      In April 2009, Plaintiff filed for bankruptcy in the Middle District of Pennsylvania. Plaintiff received her discharge on July 30, 2009. *See In re Farello, Rosemarie, a/k/a Curzio, Rosemario*, Bcy. No. 09-02890 (M.D.Pa. 2009). Among the accounts receiving a discharge in Plaintiff's bankruptcy were several accounts with Defendant GEMB.

2

10.    At all times pertinent, Defendant GEMB was aware of Plaintiff's bankruptcy, and the automatic stay created by the same.  Additionally, at all times pertinent, Defendant GEMB was aware of the discharge.

11.    Notwithstanding the above, despite knowing that Plaintiff no longer had accounts or business relations of any kind with it, on August 6, 2009, Defendant GEMB impermissibly accessed Plaintiff's Equifax credit file three times as: GEMB/Gateway; GEMB/JCPenneys; and GEMB/Sams Club.  The access of Plaintiff's Equifax report was performed through the use of false pretenses, without Plaintiff's consent or knowledge, without legitimate business reason to do so and without informing Plaintiff of these illegal and impermissible accesses.

12.    On August 19, 2009, Defendant GEMB inaccurately published the debts as "charged off" on Plaintiff's Equifax credit report, failing to note the proper "included in bankruptcy" status.

13.    On or about September 3, 2009, Plaintiff received by U.S. mail a collection or "dunning" letter from Defendant Zwicker (hereafter the "9/3/09 Letter") which attempted to coerce Plaintiff into paying the debt.  In addition, the 9/3/09 Letter, *inter alia*, requested that Plaintiff send the following information if she had filed for bankruptcy: "the Bankruptcy Court where the case has been filed, the date filed, as well as the case number and the Chapter (7, 11, or 13) filed."  (A true and correct copy of 9/3/09 Letter is attached hereto as Exhibit "A" and is incorporated herein.)

14.    At all pertinent times hereto, the 9/3/09 Letter was the initial written communication to Plaintiff by Defendant Zwicker. Additionally, Defendant Zwicker did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial written communication.

15.     In response to the above, on or about September 9, 2009, Plaintiff contacted Defendant Zwicker and spoke with a representative, agent, or employee identifying herself as "Adrian." Plaintiff disputed the debt as included in bankruptcy and was immediately transferred to the "bankruptcy department." Plaintiff then spoke with a representative, agent, or employee identifying herself as "Deborah." Plaintiff again disputed the debt as included in bankruptcy. In response, Deborah stated the debt would never be removed from Defendant Zwicker's files.

16.     In response to the above, and at the request of the 9/3/09 Letter, on or about September 9, 2009, Plaintiff wrote and sent to Defendant Zwicker by facsimile a letter (hereafter the "9/9/09 Dispute Letter") which, *inter alia*, disputed the debts as all included in bankruptcy, including court location and case number for Plaintiff's bankruptcy and her bankruptcy attorney's phone number. (A true and correct copy of 9/9/09 Dispute Letter is attached hereto as Exhibit "B" and is incorporated herein.)

17.     Notwithstanding the above, on or about September 12, 2009, Plaintiff received by U.S. mail a collection or "dunning" letter from Defendant Zwicker, (hereafter the "9/12/09 Letter") which attempted to coerce Plaintiff into paying the debt. In addition, the 9/12/09 Letter, *inter alia*, requested that Plaintiff send the following information if she had filed for bankruptcy: "the Bankruptcy Court where the case has been filed, the date filed, as well as the case number and the Chapter (7, 11, or 13) filed." (A true and correct copy of 9/12/09 Letter is attached hereto as Exhibit "C" and is incorporated herein.)

18.     In response to the above, and at the request of the 9/12/09 Letter, on or about September 20, 2009, Plaintiff wrote and sent to Defendant Zwicker by facsimile a letter (hereafter the "9/20/09 Dispute Letter") which, *inter alia*, again disputed the debts as all included

4

in bankruptcy, including court location and case number for Plaintiff's bankruptcy and her bankruptcy attorney's phone number.  (A true and correct copy of 9/20/09 Letter is attached hereto as Exhibit "D" and is incorporated herein.) (The 9/9/09 Dispute Letter and the 9/12/09 Dispute Letter are hereafter collectively referred to as the "Dispute Letters.")

19.    Notwithstanding the above, on or about October 23, 2009, Plaintiff received by U.S. mail a collection or "dunning" letter from Defendant Zwicker, (hereafter the "10/23/09 Letter") which attempted to coerce Plaintiff into paying the debt. In addition, the 10/23/09 Letter, *inter alia*, requested that Plaintiff send the following information if she had filed for bankruptcy: "the Bankruptcy Court where the case has been filed, the date filed, as well as the case number and the Chapter (7, 11, or 13) filed."  (A true and correct copy of 10/23/09 Letter is attached hereto as Exhibit "E" and is incorporated herein.)

20.    On November 11, 2009, Defendant GEMB inaccurately published the debts as "charged off" on Plaintiff's Experian credit report, failing to note the proper "included in bankruptcy" status.

21.    Defendants acted in a false, deceptive, misleading and unfair manner toward Plaintiff by falsely representing the amount, character or legal status of the debts.

22.    Defendants acted in a false, deceptive, misleading and unfair manner by continuing to collect on the debts despite inclusion of the same in Plaintiff's bankruptcy.

23.    Defendant GEMB acted in a false, deceptive, misleading and unfair manner by communicating credit information it knew or should have known was false.

24.    Defendant GEMB acted in a false, deceptive, misleading and unfair manner by sending accounts it knew or should have known to be included in bankruptcy to Defendant Zwicker for collection.

25.     Defendant Zwicker acted in a false, deceptive, misleading and unfair manner by continuing to collect on the debts despite Plaintiff's disputes of the debt under section 1692g of the FDCPA.

26.     Defendant Zwicker acted in a false, deceptive, misleading and unfair manner toward Plaintiff by continuing to collect on the debts despite failing to provide Plaintiff with verification.

27.     Defendants knew or should have known that their actions violated the FDCPA, the FCRA, the FCEUA, and the UTCPL. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, the FCRA, the FCEUA, and the UTCPL, but neglected to do so and failed to adequately review their actions to insure compliance with said laws.

28.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

29.     At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

30.     As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. **CLAIMS**

### **COUNT ONE – FDCPA**
**(Plaintiff v. Zwicker)**

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     Defendant Zwicker is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34.     The above contacts between Plaintiff and Defendant Zwicker were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35.     Defendant Zwicker violated the FDCPA.   Defendant Zwicker's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g as evidenced by the following conduct:

    (a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b)   The false representation of the amount, character or legal status of a debt;

    (c)   Failing to provide verification information of the debt when asked to do so; and

    (d)   Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

36.    Defendant Zwicker's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

37.    As a result of the above violations of the FDCPA, Defendant Zwicker is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)    That judgment be entered against Defendant Zwicker for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)    That judgment be entered against Defendant Zwicker for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)    That the Court grant such other and further relief as may be just and proper.

## COUNT TWO – FCRA
### (Plaintiff v. GEMB)

38.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.    Pursuant to section 1681n of the FCRA, Defendant GEMB willfully violated the FCRA by engaging in the following conduct:

(a)    obtaining a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose in violation of sections 1681n(b) and 1681q; and

8

(b)     falsely certifying to a consumer reporting agency that Defendant GEMB had a permissible purpose to obtain a consumer report and impermissibly accessing Plaintiff's consumer in violation of section 1681b.

40.     Defendant GEMB's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant GEMB is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT THREE - THE FCEUA AND THE UTPCPL
### (Plaintiff v. Defendants)

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     Defendant GEMB is a "creditor" as defined by 73 P.S. § 2270.3 of the FCEUA.

43.     Defendant Zwicker is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

44.     Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

45.     The above contacts made between the Plaintiff and Defendants were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

46.     Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b)  The false representation of the amount, character or legal status of a debt;

(c)  Communicating or threatening to communicate to any person credit information which is known or should be known to be false;

(d)  Failing to provide verification information of the debt when asked to do so; and

(e)  Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

47.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

48.    As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully pray that relief be granted as follows:

(a)  That an order be entered declaring that Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

(b)  That an order be entered enjoining Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

(c)  That judgment be entered against Defendants for actual damages pursuant to 73 P.S. § 201-9.2(a);

(d)  That judgment be entered against Defendants for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(e)   That judgment be entered against Defendants for treble damages pursuant to 73 P.S. § 201-9.2(a);

(f)   That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g)   That the Court grant such other and further relief as may be just and proper.

## COUNT FOUR – DEFAMATION
### (Plaintiff v. GEMB)

49.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50.   At the times pertinent hereto, Defendant GEMB has published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

51.   At a minimum, Defendant GEMB has published these statements each time Plaintiff's Equifax and Experian credit reports have been accessed by Plaintiff's potential and current creditors.

52.   The statements made by Defendant GEMB are false as outlined above.

53.   Defendant GEMB has published these statements to at least Equifax Information Services LLC and Experian Information Systems, Inc.

54.   Defendant GEMB knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, they continue to publish such statements up through the present time.

55.   The written statements and publications constitute libel per se.

11

56.   The oral statements and publications constitute slander per se.

57.   In addition, and despite the repeated notices from Plaintiff, Defendant GEMB has acted with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

58.   The conduct of Defendant GEMB was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant GEMB is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

**COUNT FIVE - NEGLIGENCE**
**(Plaintiffs v. Defendants)**

59.   Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

60.   Defendants' negligence consists of the following:

    (a)   Violating the FDCPA as set forth above;

    (b)   Violating the FCRA as set forth above;

    (c)   Violating the FCEUA and the UTCPL as set forth above;

    (d)   Disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above; and

    (e)   Failing to inform Plaintiff or get authorization from Plaintiff to access Plaintiff's consumer report.

61.   As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

62.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

### COUNT SIX – INVASION OF PRIVACY
**(Plaintiff v. GEMB)**

63.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64.    Defendant GEMB's above actions violated Plaintiff's right of privacy by impermissibly accessing plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

65.    By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant GEMB invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

66.    The conduct of Defendant GEMB was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant GEMB is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI.   JURY TRIAL DEMAND

67.   Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
      MARK D. MAILMAN, ESQUIRE
      MICHAEL J. SZYMBORSKI, ESQUIRE
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

      Attorneys for Plaintiff

Dated: November 20, 2009

# EXHIBIT A

RETURN MAIL ADDRESS
FOR POST OFFICE USE
PO Box 1012.28
Birmingham AL 35201-0145



Zwicker & Associates, P.C.
Attorneys At Law

▌█▐▌█▐▌█▐▌▐█▌█▌

ΙιΙιΙΙΙιΙιΙιΙΙΙιιιΙΙΙιιιΙΙΙιΙιιΙΙΙιιΙιιΙιΙιιΙιιΙΙιιΙΙ
0493-03  4***AUTO**MIXED AADC 350
ROSEMARIE CURZIO
52 ARBUTUS LN
EAST STROUDSBURG PA 18302-8304

Personal and Confidential

Attorneys

Rev D Ruggiero
NJ & PA Bars

Paul W. Zwicker
MA Bar

Robert W. Thuotte
MA Bar

William H. Harris
MA & NH Bars

Mireille B. Vartanian
MA Bar

Barbara A. Carnevale
MA Bar

Jennifer L. Bockstahler
MA Bar

Trevor Clement
MA Bar

Eleanore Hargreaves
MA & NH Bars

Erin M. Reeves
MA Bar

James Ballentine
MA Bar

Raymond J. Lee
CA Bar

W. John Lo
CA Bar

Arthur Tessimond
CA, MA & NH Bars

Andrew J. Dick
NY & FL Bars

Steven V. Sorg
KY & OH Bars

Denise D. Arnold
GA & WY Bars

Cecily J. McLeod
GA Bar

Dwight Baylor
AZ & VA Bars

M'Ceo Van Ess
AZ Bar

Brian Szilvasy
FL Bar

MyXuan McClune Kosk
IL Bar

Christopher D. Osborn
TX Bar

Shannon M. Pawley
VA Bar

Fnc. Kem
MI Bar

Andrew S. Lerner
MD, DC, VA & WY Bars

Gregory Walz
MD & DC Bars

Kevin M. Hughes
CT & MA Bars

March, 2009
Our ID: 5386074
Creditor: GE Money Bank
Account No: 771410061 1707878 1.4.3.4

RE: Sam's Club account
Balance: $564.17

Dear ROSEMARIE CURZIO:

This office has been retained by GE Money Bank to assist it in the collection of the funds you owe on the above listed account.

If you have filed bankruptcy with respect to this matter, please provide the following bankruptcy information so that your account may be properly handled: the Bankruptcy Court where the case has been filed, the date filed, as well as the case number and the Chapter (7, 11 or 13) filed.

As of the date of this letter, the balance on your account is $564.17. Your balance may include additional charges, including delinquency charges, if said charges are permissible in accordance with the terms of your agreement.

In the event that bankruptcy has not been filed, it is our hope that you will contact this office to arrange for the repayment of this debt. This firm desires to develop a specific understanding of your individual situation in order that we may design a repayment solution to satisfy this outstanding obligation.

In the event that bankruptcy has been filed, the information requested above is necessary in order to insure that your account is properly notated and processed.

Please note that GE Money Bank desires an amicable resolution to this matter.

This letter was created following a limited review of your account data, and thus far no attorney has conducted any meaningful review of the circumstances of your specific account.

*Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days of your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor. This firm is attempting to collect a debt and any information obtained will be used for that purpose.*

Please contact this office to discuss this matter with Jason Houle, one of our non-attorney account managers.

Very truly yours,
ZWICKER & ASSOCIATES, P.C.

This firm is a debt collector.
This firm is attempting to collect a debt and any information obtained will be used for that purpose.
Important notices appear on the back of this letter. Please read them as they may affect your rights.
Colorado residents: please read important notice on the back of this letter.

**\*\*PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE TO THE ADDRESS BELOW\*\*\***

Zwicker & Associates P.C.   ◆   80 Minuteman Rd   ◆   Andover, Massachusetts 01810-1008

Tel: (800) 370-2251 / (978) 686-2255   ◆   NY City Residents Only: (877) 368-4531

GEB001

# EXHIBIT B

Rosemarie Cuya
52 Arbutus Lane
E. Stby Pa 18302

9/9/09

Re   GE Money Bank - Sams Club
acct # 7714 / 00611707878
Id # 3486074

You have been hired to collect an
uncollectable debt I have filed
Bankruptcy. It has been discharged.
This debt was included. GE Money Bank
has been given the proper info on
more then one accession from
several sources. you Are Now put
on Notice to Stop harassing Me.
for the Last time
     Ch 7   5-09 2890 JJt   Middle Dist Pa
     Case
     Discharge  7/30/09
attorny John Martin
          570 253-6899
     659 - 586 - 2270 FAX

# EXHIBIT C

RETURN MAIL ADDRESS
FOR POST OFFICE USE ONLY
PO Box 101145
Birmingham AL 35210-6145



Zwicker & Associates, P.C.
Attorneys At Law



20493-14  8***AUTO**MIXED AADC 350
ROSEMARIE CURZIO
52 ARBUTUS LN
EAST STROUDSBURG PA 18302-8304

*Personal and Confidential*

09/12/2009
File ID: 351283)
Creditor: GE Money Bank
Account No: 6019171105025048  1,2,3,4

RE: Gateway account
Balance: $526.98

Dear ROSEMARIE CURZIO:

This office has been retained by GE Money Bank to assist it in the collection of the funds you owe on the above-listed account.

If you have filed bankruptcy with respect to this matter, please provide the following bankruptcy information so that your account may be properly handled: the Bankruptcy Court where the case has been filed, the date filed, as well as the case number and the Chapter (7, 11 or 13) filed.

As of the date of this letter, the balance on your account is $526.98. Your balance may include additional charges, including delinquency charges, if said charges are permissible in accordance with the terms of your agreement.

In the event that bankruptcy has not been filed, it is our hope that you will contact this office to arrange for the repayment of this debt. This firm desires to develop a specific understanding of your individual situation in order that we may design a repayment solution to satisfy this outstanding obligation.

In the event that bankruptcy has been filed, the information requested above is necessary in order to insure that your account is properly notated and processed.

Please note that GE Money Bank desires an amicable resolution to this matter.

This letter was created following a limited review of your account data, and thus far no attorney has conducted any meaningful review of the circumstances of your specific account.

*Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days of your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor. This firm is attempting to collect a debt and any information obtained will be used for that purpose.*

Please contact this office to discuss this matter with Jason Houle, one of our non-attorney account managers.

Very truly yours,
ZWICKER & ASSOCIATES, P.C.

1 This firm is a debt collector.
2 This firm is attempting to collect a debt and any information obtained will be used for that purpose.
3 Important notices appear on the back of this letter. Please read them as they may affect your rights.
4 Colorado residents: please read important notice on the back of this letter.

***PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE TO THE ADDRESS BELOW***

**Zwicker & Associates P.C.  ◆  80 Minuteman Rd  ◆  Andover, Massachusetts 01810-1008**
**Tel: (800) 370-2251 / (978) 686-2255  ◆  NY City Residents Only: (877) 368-4531**

GEB001

Attorneys:

Roy D Ruggiero
*NJ & PA Bars*

Paul W. Zwicker
*MA Bar*

Robert W. Thuotte
*MA Bar*

William H. Hanis
*MA & NH Bars*

Mireille H. Vannatten
*MA Bar*

Barbara A. Gartenberg
*MA Bar*

Jennifer L. Bock-sahle-
*MA Bar*

Trevor Clement
*MA Bar*

Eleanore Hargreaves
*MA & NH Bars*

Erin M. Reczek
*MA Bar*

James Ballentine
*MA Bar*

Raymond F. Lee
*CA Bar*

W. John Lu
*CA Bar*

Arthur Teixeirond
*CA, MA & NH Bars*

Andrew J. Dick
*NY & FL Bars*

Steven V Song
*KY & OH Bars*

Denise D. Arnold
*GA & KY Bars*

Cecily J. McLeod
*GA Bar*

Dwight Baylor
*AZ & VA Bars*

M'Cori Van Ess
*AZ Bar*

Brian Szilvasy
*FL Bar*

My Xuan McClure Kostel
*IL Bar*

Christopher D. Osborn
*TX Bar*

Shannon M. Pawley
*MI Bar*

Trac Kern
*MI Bar*

Andrew S. Lerner
*MD, DC, VA & WV Bars*

Gregory Walz
*MD & DC Bars*

Kevin M. Hughes
*CT & MA Bars*

# EXHIBIT D

2nd NOTICE  9/28/09
UIA FAY

Rosemarie Cugini
52 Arbutus Lane
E. Stbg Pa 18302

Re G. E. Money Bank

account # 601917110502825048
fd 3512831

you have been hired to collect an
uncollectable debt. I have filed
bankruptcy. It has been discharged
This debt was included. G. E Money
Bank has been given the proper info
on more then one occassion from
several sources you are now put on
notice to stop harrassing me.

859- 586-2270 - FAX

Notice & FINAL Notice

3rd

# EXHIBIT E

RETURN MAIL ADDRESS
FOR POST OFFICE USE ONLY
PO Box 101145
Birmingham AL 35210-6145

Zwicker & Associates, P.C.
Attorneys At Law



lllllllllllllllllllllllllllllllllllllllllll
20917-19 9***AUTO**MIXED AADC 350
ROSEMARIE CURZIO
52 ARBUTUS LN
EAST STROUDSBURG PA 18302-8304

*Personal and Confidential*

10/17/2009
File ID: 3578725
Creditor: GE Money Bank                     RE: JC Penney Consumer account
Account No: 6008895969068120 1,2,3,4        Balance: $3989.01

Dear ROSEMARIE CURZIO:

This office has been retained by GE Money Bank to assist it in the collection of the funds you owe on the above-listed account.

If you have filed bankruptcy with respect to this matter, please provide the following bankruptcy information so that your account may be properly handled: the Bankruptcy Court where the case has been filed, the date filed, as well as the case number and the Chapter (7, 11 or 13) filed.

As of the date of this letter, the balance on your account is $3989.01. Your balance may include additional charges, including delinquency charges, if said charges are permissible in accordance with the terms of your agreement.

In the event that bankruptcy has not been filed, it is our hope that you will contact this office to arrange for the repayment of this debt. This firm desires to develop a specific understanding of your individual situation in order that we may design a repayment solution to satisfy this outstanding obligation.

In the event that bankruptcy has been filed, the information requested above is necessary in order to insure that your account is properly notated and processed.

Please note that GE Money Bank desires an amicable resolution to this matter.

This letter was created following a limited review of your account data, and thus far no attorney has conducted any meaningful review of the circumstances of your specific account.

*Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days of your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor. This firm is attempting to collect a debt and any information obtained will be used for that purpose.*

Please contact this office to discuss this matter with Jason Houle, one of our non-attorney account managers.

Very truly yours,
ZWICKER & ASSOCIATES, P.C.

1 This firm is a debt collector.
2 This firm is attempting to collect a debt and any information obtained will be used for that purpose.
3 Important notices appear on the back of this letter. Please read them as they may affect your rights.
4 Colorado residents: please read important notice on the back of this letter.

***PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE TO THE ADDRESS BELOW***

**Zwicker & Associates P.C.  ◆  80 Minuteman Rd  ◆  Andover, Massachusetts 01810-1008**
**Tel: (800) 370-2251 / (978) 686-2255  ◆  NY City Residents Only: (877) 368-4531**

Attorneys:

Roy D Ruggiero
NJ & PA Bars

Paul W. Zwicker
MA Bar

Robert W. Thuotte
MA Bar

William H. Harris
MA & NH Bars

Marene H. Vartanian
MA Bar

Barbara A. Carnevale
MA Bar

Jennifer L. Bockstahler
MA Bar

Trevor Clement
MA Bar

Eleanore Hargreaves
MA & NH Bars

Erin M. Reczek
MA Bar

James Ballentine
MA Bar

Raymond J. Lee
CA Bar

W. John Lo
CA Bar

Arthur Tessamond
CA, MA & NH Bars

Andrew Z. Dick
NY & FL Bars

Steven V. Song
KY & OH Bars

Denise D. Arnold
GA & WV Bars

Cecily J McLeod
GA Bar

Dwight Baylor
AL & VA Bars

M'Cori Van Ess
AZ Bar

Brian Sinivasy
FL Bar

MyXuan McClure Koski
IL Bar

Christopher D. Osborn
TX Bar

Shannon M. Pawley
MI Bar

Traci Kern
MI Bar

Andrew S. Lerner
MD, DC, VA, & WV Bars

Gregory Walz
MD & DC Bars

Kevin M. Hughes
CT & MA Bars

GEB001